## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GEORGE MOODY,

       *Plaintiff,*

   vs.

RONALD WEBER,

       *Defendant.*

Case No. 14-1405-EFM

## MEMORANDUM AND ORDER

Plaintiff George Moody filed this case against Defendant Ronald Weber asserting a negligence claim. Defendant never responded to the Complaint, and the Clerk of the Court entered default against Defendant. The matter currently before the Court is Plaintiff's Motion for Default Judgment (Doc. 9).

### I.      Factual and Procedural Background[1]

On August 4, 2014, Defendant had been drinking beer in his pickup truck. Defendant drove his Case 2590 tractor to a field outside of St. John, Kansas. He parked the tractor, left it in gear, did not apply the safety brake, and then turned the tractor off. Defendant advised Plaintiff to get into the tractor so he could transport it to Defendant's farm from where it was parked. Plaintiff was instructed to start the tractor from the ground while standing next to the tractor with

---

[1] The following facts are taken from the Complaint and from testimony at the February 11, 2015, hearing.

pliers.  Plaintiff did as he was instructed, and the tractor began to move immediately because it had been left in gear.

The tractor began heading toward a moving car, and Plaintiff tried to jump on the tractor to prevent it from hitting the car.  Plaintiff was then run over by the driver side wheels on the tractor and also by the implement being pulled by the tractor.  The tractor also pulled Plaintiff through a barbed wire fence.

Plaintiff suffered numerous injuries, including among other things, pelvis fractures, right rib fractures, a scrotal tear, a clavicle fracture, collapsed lungs, and a left foot laceration.  He was transported by air ambulance to Wesley Medical Center.  Upon his discharge several weeks later, Plaintiff moved to Tennessee so his parents could help with his medical needs.  He has continued his medical care in Tennessee.

Plaintiff filed suit on December 3, 2014.  Defendant failed to respond, and Plaintiff filed an Application for Clerk's Entry of Default.  On January 16, 2015, the Clerk of the Court entered default.  Plaintiff then filed a Motion for Default Judgment and Request for Hearing on Damages (Doc. 9).  Defendant did not respond to this motion.  The Court held a hearing on February 11, 2015, on Plaintiff's motion.  Plaintiff testified as to his injuries and medical care.  Dr. Aly Gadalla also testified as to Plaintiff's injuries and medical expenses.  Defendant did not appear at this hearing.

## II.    Legal Standard

There is a two-step process to obtain a default judgment.  Federal Rule of Civil Procedure 55(a) allows a default entry against a party when that party has "failed to plead or otherwise defend" itself.  Following entry of default by the clerk, Rule 55(b)(2) permits a district court to enter default judgment.  In cases where a plaintiff's claim is for a sum certain or a sum that can

be made certain by computation, the clerk, upon a plaintiff's request, must enter judgment for that amount and costs.[2]   However, in cases where a plaintiff's claim is not for a sum certain or cannot be made certain by computation, the party must apply to the court for a default judgment.[3] "The court may conduct hearings or make referrals . . . to determine the amount of damages."[4] "A trial court is vested with broad discretion in deciding whether to enter a default judgment."[5]

### III.   Analysis

Plaintiff followed the two-step process under Federal Rule of Civil Procedure 55.  At the hearing, Plaintiff presented evidence of his damages.[6]   With regard to his medical expenses to date, these amount to $470,500.40.  As to Plaintiff's economic loss to date, this amount equals $18,000.  Plaintiff used to be a salaried employee as a farm laborer, making $3,000 a month, and he has been unable to work for the past six months.  Plaintiff is unable to work for the next eighteen months due to his recovery from his injuries, and thus he presents evidence of future economic loss of $54,000.  Plaintiff will never be able to return to the position he previously held, but he did present evidence that he could likely obtain a job at a call center.  He planned to work until he was 60 years of age, and the Court finds reasonable Plaintiff's reduced earning capacity of $403,200.  With regard to noneconomic loss to date, the Court finds that Plaintiff's extraordinary pain and suffering warrants the amount of damages of $300,000.  Finally, Plaintiff and Dr. Gadalla presented testimony that Plaintiff will need future medical treatment.  The

---

[2] Fed. R. Civ. P. 55(b)(1).

[3] Fed. R. Civ. P. 55(b)(2).

[4] Fed. R. Civ. P. 55(b)(2)(B).

[5] *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D. Kan. Oct. 15, 2009) (quoting *Galloway v. Hadl*, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008)).

[6] The Court admitted twenty-one exhibits.

Court, however, did not hear testimony as to the amount of any future medical treatment and thus finds that awarding damages for future medical treatment would be speculative.  In sum, the Court grants Plaintiff's Motion for Default Judgment and finds that Plaintiff is entitled to $1,245,700.40 in damages.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Request for Hearing on Damages (Doc. 9) is hereby **GRANTED**.  Judgment shall be entered in favor of Plaintiff George Moody and against Defendant Ronald Weber in the amount of $1,245,700.40.

**IT IS SO ORDERED**.

Dated this 12th day of February, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE